John J. Walsh, J.
Defendant-petitioner makes an application in the nature of a writ of error coram nobis seeking to vacate a judgment of conviction rendered in this court on February 12, 1958 upon his plea of guilty to an indictment charging the crimes of burglary third degree and grand larceny second degree on which judgment defendant is now serving terms of not less than two years nor more than four years concurrently at Attica State Prison.
Defendant-petitioner contends that
(a) His arraignment was unnecessarily delayed in the Utica City Court after his arrest on or about November 23, 1957.
(b) He was not informed of his right to counsel when he was arraigned before the Utica City Court on or about November 25, 1957.
There is no merit to either contention of the defendant-petitioner.
(a) Delay in Arraignment. There is no merit to this claim. (See People v. Brandau, 17 Misc 2d 830.)
(b) Bight to Counsel. An affidavit of Honorable Martin J. Lutz, Associate City Judge of Utica, has been filed in which he affirms that the defendant was duly arraigned before him on November 26, 1957 on a violation of sections 404 and 1296 of the Penal Law; that he was duly advised that he was charged with a felony; that he was entitled to a hearing in City Court; that he was entitled to an attorney at that time and at all steps of the proceedings; that he was entitled to have bail fixed; that he was entitled to have his case adjourned for the purpose of securing counsel, and for the purpose of producing witnesses in his own behalf if he desired a hearing. That the defendant said that he did not desire a hearing; that he waived a hearing in City Court; and that the said Judge thereupon held defendant to await the action of the Grand Jury.
In addition to the persuasive nature of the affidavit of the committing Magistrate and the presumption of regularity which attaches to such proceedings, it appears from the records of this court that defendant-petitioner was brought before this court on January 29, 1958, and at his request, was assigned John Flemma, Esq., to represent him; that defendant-petitioner, after being assigned counsel, entered a plea of not guilty; that on February 12, 1958, the indictment was moved for trial and after the drawing of a jury had commenced, defendant-petitioner withdrew his former plea of not guilty and pleaded guilty to the indictment; finally, on February 18, 1958, with his assigned counsel present, he was sentenced by the court.
*708 No fundamental right of the defendant was impaired. Even if defendant had not been advised of his right to counsel on the preliminary examination of the case in Magistrate’s Court, the presence of counsel in the trial court cured any defect. (People v. Langford, 156 N. Y. S. 2d 751 [Schenectady County Ct., 1956], affd. 4 A D 2d 919.)
There being no merit to either contention, and no necessity for a hearing in this case, the motion is in all respects denied.
The District Attorney is directed to enter an order in conformance with the decision herein and to forward a copy of said order and the papers upon which it is based to the defendant.